

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
03/10/2015

| | | |
|---|---|---|
| IN RE: | § | |
| HENRY R TROPPY JR; fdba H TROPPY, | § | CASE NO: 14-70546 |
| INC. | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |

**MEMORANDUM OPINION AND ORDER ON
EMERGENCY MOTION OF FIRST COMMUNITY BANK TO CONVERT CASE TO
CHAPTER 7, OR ALTERNATIVELY, TO DISMISS WITH PREJUDICE (docket #48)**

On this day came on for consideration the Emergency Motion to Convert Case to Chapter 7, or Alternatively, to Dismiss With Prejudice (the "Motion to Convert") filed by First Community Bank ("FCB" or "Movant"). The Court, having heard the evidence and arguments of counsel, finds as follows.

The Court has jurisdiction over this Motion by virtue of 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 1307(c). On October 6, 2014, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code to stay a pending foreclosure sale of undeveloped acreage in Willacy County, Texas.

Pursuant to Section 1307(c) of the Bankruptcy Code, "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including— (1) unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). "The court's analysis consists of two steps: first, in a consideration of whether cause exists to interfere in the debtor's prosecution of his case; and second, if so, in a consideration of the appropriate remedy, whether conversion or dismissal. The choice of one remedy over the other

is to be made upon consideration of the best interests of creditors and the estate. The interests of the debtor are not paramount. A case should be dismissed rather than converted when there are no assets available for distribution to creditors." 7 Norton Bankr. L. & Prac. 3d 148:5.

Cause exists to convert or dismiss a Chapter 13 case when the Court finds the petition was filed for an improper purpose or in bad faith. *See In re Ramji,* 166 B.R. 288, 290-91 (Bankr. S.D. Tex. 1993). Bankruptcy courts must define good faith on a case-by-case basis. *Id.* In *Ramji*, the court noted:

> Several factors may guide the court's inquiry into good faith, including:
> (a) Whether there are any deficiencies or inaccuracies in the debtor's schedules or plan that might amount to an attempt to mislead the court;
>
> (b) Whether payments proposed by the plan are fundamentally fair in dealing with creditors, including consideration of timing of filing, amount and proportion of debt that would not be dischargeable in a liquidation and equities of any classification;
>
> (c) Whether the debtor had any improper motivation in seeking relief, as indicated, in part, by circumstances under which debts were incurred.
>
> These factors and others constitute a totality of circumstances on which the court is to determine whether there has been an abuse of a provision, or of the purpose, of the Bankruptcy Code. *See Matter of Little Creek Dev. Co.,* 779 F.2d 1068 (5th Cir. 1986)(other citation omitted).

- - *In re Ramji,* 166 B.R. at 290-91.

When a debtor attempts to conceal assets from creditors by filing misleading or inaccurate schedules, it is within a bankruptcy court's discretions to convert the case to chapter 7 under 11 U.S.C. §1307(c). *In re Jacobsen*, 609 F.3d 647, 662-663(5th Cir. 2010).

At the hearing held January 21, 2015, on FCB's Motion for Relief from Automatic Stay and the hearing held February 26, 2015 on FCB's Motion to Dismiss, the following facts were established:

    A) Debtor failed to disclose prepetition transfers of the following properties in April and May 2014:

        1) 19.46 acres with a house and barn in Willacy County, valued on debtors 2013 balance sheet at $275,000.
        2) Rights to all minerals in approximately 90 acres in Willacy County to his parents again for no consideration.

    B) Debtor failed to disclose the existence of the following judgment lien creditors:

        1) ADM Alliance Nutrition, Inc., for $17,951.10 plus interest from December 3, 2008;
        2) Texas State Bank, for $21,731.62 plus interest from August 5, 2008.

    C) These wrongfully omitted judgment creditors were deprived of the opportunity to participate in this case or object to the Debtor's spurious claim of a homestead exemption in the approximately 89 undeveloped acres listed on Debtor's Schedule A of real property.

    D) Debtor failed to explain satisfactorily the loss or disposition of the following assets:
        1) cattle herd valued at $63,000.00 on 2013 balance sheet;
        2) Cat Challenger 45 valued at $30,000.00 on 2013 balance sheet.

    E) Debtor failed to disclose his debt to Ruth Noble, mother of Debtor's girlfriend.

On October 17, 2014, Debtor filed a plan which was not confirmable on its face because it proposed a plan payment of $1,500 which is less than the monthly interest accrual on Movant's mortgage loan at the non-default rate. FCB objected to confirmation of the plan. At the hearing on the Chapter 13 Trustee's Motion to Dismiss on December 19, 2014, Debtor responded that he "will comply with all the delinquencies before the hearing date" on the Motion to Dismiss. Debtor filed no new Plan as of the re-noticed hearing date, January 23, 2015.

At the January 21, 2015 hearing on FCB's Motion for Relief from Automatic Stay, Debtor and his counsel described a proposed plan to partition a part of FCB's collateral into 4 ten acre tracts and sell each on an "owner financed basis," or cash, to unidentified persons. At the February 26, 2015 hearing, Debtor presented Exhibit C, which was a contract for the sale of tract

#3 (the "Contract"). The Contract provides for seller financing. However, Debtor's real estate broker, Adolfo Reyes, testified that the existing liens on the property were not disclosed to him or to the prospective buyer. The court finds it highly unlikely that Debtor will be able to sell the properties on the terms he proposes. Moreover, Debtor's plan to sell the property on an owner finance basis and then sell the note to pay off the liens is unlikely to net sufficient cash to pay off the existing liens even if Debtor can find a buyer for the notes.

The proposed plan, which was not filed until February 18, 2015, is patently non-confirmable for both legal and practical reasons. For example, the proposal would illegally partition Movant's lien on the property and not preserve the lien in accordance with non-bankruptcy law in the event the case is dismissed or converted; and no reasonable hypothetical buyer would accept the property subject to (1) the new wrap lien, (2) Movant's lien, (3) the undisclosed judgment lien; and (4) the risk of loss of investment if the chapter 13 case fails. At the hearing on plan confirmation held February 26, 2015 prior to the hearing on the Motion to Dismiss, the plan was not confirmed.

Unreasonable delay has resulted from Debtor's failure to file truthful schedules and statement of financial affairs listing all assets, debts, liens and transfers, and to file a confirmable plan. Debtor offered no credible excuse for his conduct during the January 21, 2015 hearing and the February 26, 2015 hearing.

The best interest of creditors and the estate would be served by conversion of this case to Chapter 7. A Chapter 7 trustee is needed to pursue fraudulently transferred assets of the estate, including the valuable assets transferred to Debtor's parents in 2014 and prior. Debtor filed misleading and erroneous sworn schedules and statement of financial affairs. Debtor did not come into this Court with clean hands. Moreover, Debtor's testimony was not credible.

Dismissal of the case, or retention as a Chapter 13 case, would reward Debtor for his conduct.

Debtor's proposed Plan is not confirmable. Debtor did not honestly accurately report his assets and liabilities. He filed and prosecuted this case in bad faith and has not acted with fundamental fairness to his creditors. There is no reasonable prospect for confirming a fair or legal chapter 13 plan in a reasonable time. The case has been on file for over five months with no progress toward confirmation.

## CONCLUSION

For the foregoing reasons, the Court finds that based on the totality of the circumstances the case should be converted to Chapter 7 pursuant to 11 U.S.C. § 1307(c).

**It is so ORDERED**.

SIGNED 03/09/2015.

Richard S. Schmidt
United States Bankruptcy Judge